## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Guang Yang and Zhou Cauo,<br><br>Plaintiffs,<br><br>v.<br>State of Oklahoma, ex rel. Oklahoma State Bureau of Narcotics and Dangerous Drugs Control; Donnie Anderson, Director; Agent Cody Gibson and Other Unknown Agents of Oklahoma State Bureau of Narcotics and Dangerous Drugs Control; United States Department of Homeland Security ex rel Transportation Security Administration,<br><br>Defendants. | CASE NO. CIV-24-1067-R<br><br>**COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

Plaintiffs ("Plaintiffs" collectively) Guang Yang ("Plaintiff Yang" individually) and Zhou Cauo ("Plaintiff Cauo" individually) bring this action to enforce 42 U.S.C. §1983, as amended; and 18 U.S.C. §§241, 242, and 245(b)(2)(E), against the State of Oklahoma, ex rel. Oklahoma State Bureau of Narcotics and Dangerous Drugs Control; Donnie Anderson, Director; Agent Cody Gibson and Other Unknown Agents of Oklahoma State Bureau of Narcotics and Dangerous Drugs Control ("Defendants" or "OBN"); and United States Department of Homeland Security ex rel Transportation Security Administration ("TSA").

42 U.S.C. §1983 ("§1983") prohibits deprivation of civil and constitutional rights under

1

color of law. 18 U.S.C. §241 ("241") makes it unlawful for two or more persons to agree to injure, threaten, or intimidate a person in the United States in the free exercise or enjoyment of any right or privilege secured by the Constitution or laws of the United States or because of his or her having exercised such a right.  18 U.S.C. §242 ("242")  provides that whoever, under color of any law, willfully subjects any person...to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States shall be guilty of a crime. 18 U.S.C. §245(b)(2)(E) ("245") makes it unlawful to willfully injure, intimidate or interfere with any person --or to attempt to do so -- by force or threat of force, because of that other person's race, color, religion or national origin and because the person has been ... traveling or using a facility of interstate commerce or common carrier.

Plaintiffs further bring this action against Defendants for their violation of  each of the Plaintiffs' constitutional rights guaranteed under the Fourth, Fifth, Eighth and Fourteenth amendments to the U.S. Constitution (U.S. Const. amend. XIV, IV, V, VIII and XIV §1.). The Plaintiffs allege as follows:

## BACKGROUND

1.      OBN discriminates against individuals of certain racial groups, with particularity the Asian community, in the State of Oklahoma through racial profiling in the means and methods of enforcement of Oklahoma's Uniform Controlled Dangerous Substances Act, 63 OK Stat § 63-2-101, *et seq* ("UCDSA"), and Oklahoma Statute 63 O.S. § 2-503(A)(6) and (B) (the "Statute") in violation of 42 U.S.C. §1983, through its policies and practices of disproportionately pursuing civil asset forfeiture actions and proceedings against people of Asian ethnicity in Oklahoma generally, and the Plaintiffs herein specifically.

2.      In violation of §1983, OBN has failed to (1) ensure that enforcement of the USDCA and the Statute does not disproportionately target people of Asian ethnicity in Oklahoma generally, and the Plaintiffs herein specifically; (2) ensure that enforcement of the USDCA and the Statute does not disproportionately effect the legal, constitutional activities and behaviors of people of Asian ethnicity in Oklahoma generally, and the Plaintiffs herein specifically; and 3) that enforcement of the USDCA and the Statute is applied equally and fairly to all citizens of Oklahoma, without regard to race, culture or national origin.

3.      The Plaintiffs have commenced this action based on the fact that OBN has engaged in a pattern or practice of discrimination and a determination that Plaintiffs, or persons or groups of persons has been discriminated against, and that such discrimination has created severe injury to Plaintiffs, and raises an issue of general public importance.  The Plaintiffs seek declaratory and injunctive relief, replevin, monetary damages, including compensatory, punitive and emotional distress damages, and a civil penalty against Defendants.

4.      Congress enacted §1983 to allow the vindication of federal rights in Court, notwithstanding contrary state policies. §1983, which derives from the Civil Rights Act of 1871, provides a right of action to redress violations of any rights secured by federal law. Its intent is to empowers individuals to sue state and local government officials who violate their federal constitutional rights.

## PARTIES

5.      In this complaint, "Plaintiffs" refers to Guang Yang and Zhou Cauo collectively, and "Plaintiff Yang" or "Yang"; and "Plaintiff Cauo" or "Cauo" individually.

3

COMPLAINT

6.    Plaintiff Guang Yang is a resident of, and is domiciled in California.

7.    Plaintiff Zhou Cauo is a resident of, and is domiciled in Oklahoma.

8.    Defendants are State of Oklahoma, ex rel. Oklahoma State Bureau of Narcotics and Dangerous Drugs Control; Donnie Anderson, Director; and Unknown Agents of Oklahoma State Bureau of Narcotics and Dangerous Drugs Control. Defendants are an Oklahoma State Agency with principal place of business at 419 NE 38th Terrace, Oklahoma City, OK 73105. In this complaint, "Defendants" or "OBN" refers to State of Oklahoma, ex rel. Oklahoma State Bureau of Narcotics and Dangerous Drugs Control; Donnie Anderson, Director; and Unknown Agents of Oklahoma State Bureau of Narcotics and Dangerous Drugs Control and any of its employees, agents, contractors or operationally distinct parties that are responsible for, provide, analyze, evaluate or conduct any law enforcement duties or obligations..

9.    OBN is an agency established by the State of Oklahoma under 63 O.S. §2-102, which performs law enforcement duties, primarily focused upon the enforcement of state laws regarding narcotics and dangerous drugs.

## JURISDICTION AND VENUE

10.    This Court has jurisdiction over this action under 42 U.S.C. §1983; and 18 U.S.C. §§241, 242, and 245(2)(c) because it involves claims arising under federal law.

11.    The Court may grant declaratory relief and other necessary or proper relief pursuant to 28 U.S.C. §§ 2201 and 2202, and may grant equitable relief, monetary damages, and a civil penalty pursuant to 28 U.S.C. §§2202.

12.    Venue is proper in this district pursuant to 28 U.S.C. § 1391 because OBN operates, resides,

is domiciled and has its principal place of business and headquarters in this district, and a substantial part of the events or omissions giving rise to the claims occurred in this district.

## STATEMENT OF FACTS

**OBN's Policies and Procedures are Discriminatory Against Individuals of Certain Racial Groups, with Particularity the Asian Community, in the State of Oklahoma Because of Substantively and Facially Unconstitutional Racial Profiling in the Means and Methods of Enforcement.**

13.     Plaintiffs re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

14.     Prior to the events leading up to this case, Plaintiff Yang had recently sold her home in Arcadia, OK and another home she owned in California for approximately $1,000,000.00.

15.     Approximately two months prior to the events and while in California, she took a cashiers check in the amount of $250,000.00 with her to a casino in California whereupon the casino cashed the cashier's check. Upon her departure from the casino, that amount together with her winnings totaled $350,000.00 in cash.

16.     On or about September 2, 2024, Yang traveled to Phoenix, AZ, specifically to the Gila River Resort and Casino, where she won an additional $30,000.00.

17.     On or about September 8, 2024, Yang traveled by air to Oklahoma City, OK ("OKC"). At the Phoenix airport, and during the ordinary Transportation Security Administration ("TSA") passenger screening, TSA saw the currency in her bag, at this time totaling on the order of approximately $280,000.00. She had an additional amount of cash in her purse of approximately $100,000.00. Phoenix TSA did not question even the possession of the cash in either the bag or the purse. Yang continued on to OKC without incident, staying for a period of a day.

18.    On September 9, 2024, Plaintiff Yang was scheduled to fly to Las Vegas, NV from OKC. She possesses a total of approximately $500,000.00 in cash, $120,000.00 of which she leaves with her friend Plaintiff Cauo, an OKC resident. At the OKC airport, during ordinary TSA passenger screening, a TSA agent or agents observe the large amount of cash which she possesses. TSA informs Yang that, due to the amount of cash which she has, they are required to "call the police", a *de facto* detention of her person and property.

19.    OBN Agent Cody Gibson arrived at the OKC airport in response to TSA's call. Plaintiff Yang alleges that three "policemen" in total arrived, but can only identify Gibson because he signed an OBN "Confiscated Property Report". *See* attached hereto as Plaintiffs' Exhibit 1. The three policemen, including Gibson, questioned Yang at length about the cash and other matters, without benefit of Miranda warnings. They pressured her into providing them the password to access her cell phone. Ultimately, they seized $500,000.00 of cash and her cell phone. The seizure receipt which they provided her denoted prominently that the justification for the seizure was that the items were "Drug Proceeds".

20.    On September 26, 2024, acting upon a previously issued search warrant, OBN agents arrived at Plaintiff Cauo's residence in OK and conducted a search. In the course of such search, they seized an additional $80,000.00 in currency, miscellaneous documents, eight (8) valuable and collectible watches estimated to be worth approximately $1,000,000.00, and four (4) pieces of expensive Hermes luggage, all belonging to Plaintiff Yang, and for which they left a seizure receipt. *See* attached hereto as Plaintiffs Exhibit 2.

21.    During that same search, the OBN agents seized several firearms belonging to Plaintiff Cauo, for which no receipt was provided.

## CAUSES OF ACTION

22.    Plaintiffs re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

23.    In violation of §1983, OBN has failed to (1) ensure that enforcement of the USDCA and the Statute does not disproportionately target people of Asian ethnicity in Oklahoma generally, and the Plaintiffs herein specifically; (2) ensure that enforcement of the USDCA and the Statute does not disproportionately effect the legal, constitutional activities and behaviors of people of Asian ethnicity in Oklahoma generally, and the Plaintiffs herein specifically; and 3) that enforcement of the USDCA and the Statute is applied equally and fairly to all citizens of Oklahoma, without regard to race, culture or national origin. 42 U.S.C. §1983, as amended.

24.    In violation of §241, all Defendants in the instant case have conspired to injure, oppress, threaten, or intimidate Plaintiffs in the free exercise or enjoyment of any right or privilege secured to them by the Constitution or laws of the United States, or because of them having so exercised the same. 18 U.S.C. §241.

25.    In violation of §242, all Defendants in the instant case have conspired, under color of law, statute, ordinance, regulation, or custom, to willfully subject Plaintiffs to the deprivation of their rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of them being an alien, or by reason of their color, or race, than are prescribed for the punishment of citizens. 18 U.S.C. §242.

26.    In violation of §245, all Defendants in the instant case have conspired, unlawfully, to willfully injure, intimidate or interfere with Plaintiffs --or attempted to do so -- by force or threat

of force, because of the Plaintiffs' race, color, religion or national origin and because Plaintiff

Yang has been traveling or using a facility of interstate commerce or common carrier. 18 U.S.C. §

245(b)(2)(E).

27.    All Defendants violated the Plaintiffs' Fourth and Fourteenth Amendment rights for the

reasons that TSA and OBN's interpretation of the Statute violates the Fourth Amendment because

it is overinclusive, vague and substantially overbroad, particularly as to persons, places, property

or records. Many facets of its enforcement are left completely to random interpretation, based upon

arbitrary and capricious discretionary enforcement of the statute. U.S. Const. amend. IV, and U.S.

Const. amend. XIV (as applied to the States).

28.    All Defendants violated the Plaintiffs' Fifth and Fourteenth Amendment rights for the

reasons that OBN improperly and physically seized currency both in possession of Plaintiff Yang

and the residence belonging to Plaintiff Cauo, and valuable collectible personal property of

Plaintiffs and are currently in possession of the same.  The way the statute as currently enforced

in practice amounts to a show cause procedure, in other words, "You're guilty unless you prove

that you're innocent". This case involves substantial assets. This is an extreme and overly difficult

burden for OBN to have placed upon Plaintiffs and their legal activities and concerns. Plaintiffs

are protected under the Taking Clause against a taking without just compensation. They are

therefore protected by the Fifth Amendment. The Statute violates the Fifth Amendment because it

is overinclusive, vague and substantially overbroad. Many facets of its enforcement are left

completely to random interpretation, based upon arbitrary and capricious discretionary

enforcement of the statute. U.S. Const. amend. V, and U.S. Const. amend. XIV (as applied to the

States).

COMPLAINT

29.     OBN violated the Claimant's Eighth and Fourteenth Amendment rights. In *Timbs v. Indiana*, 139 S. Ct. 682 (2019) the U.S. Supreme Court speaking to asset forfeiture in a drug related statutory scheme, has held that "The Eighth Amendment that prohibits "cruel and excessive punishment" and "excessive bail" protects against excessive fines and guards against abuses of government's punitive or criminal law enforcement authority. This safeguard is "fundamental to our scheme of 'ordered liberty' with deep roots in this Nation's history and tradition. Thus, the Excessive Fine Clause in the Eighth Amendment is incorporated into the Fourteenth Amendment's Due Process Clause". (*Timbs v. Indiana*).

Plaintiffs herein have been denied their right to protection against excessive fines and guards against abuses of government's punitive or criminal-law-enforcement authority.

OBN's attempt in this instant case is to bootstrap a criminal statute together with a non-charged criminal punishment into an excessive, overreaching and abusive administrative "fine". Plaintiffs are therefore entitled to protection under the Eighth Amendment. The Statute violates the Eighth Amendment because it is overinclusive, vague and substantially overbroad. Many facets of its enforcement are left completely to random interpretation, based upon arbitrary, capricious and discretionary enforcement of the statute. U.S. Const. amend. VIII, and U.S. Const. amend. XIV (as applied to the States).

## PRAYER FOR RELIEF

30.     Plaintiffs re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

31.     Plaintiffs pray this Court:

A.     Grant judgment in favor of the Plaintiffs and declare that all Defendants actions,

policies, and practices, as alleged in this complaint, violate 42 U.S.C. §1983, 18 U.S.C. §§241, 242 and 245(b)(2)(E).

B.      Enjoin Defendants, their officers, agents, employees, contractors, and all others in concert or in participation with it, from engaging in discrimination against people of Asian ethnicity, and from failing to comply with 42 U.S.C. §1983, 18 U.S.C. §§241, 242 and 245(b)(2)(E);

C.      Order Defendants to modify its means, methods, policies, practices, and procedures, in order to comply with 42 U.S.C. §1983, 18 U.S.C. §§241, 242 and 245(b)(2)(E);

D.      Order Defendants to provide proper and appropriate training to its officers, agents, employees, contractors, and all others in concert or in participation with it;

E.      Award monetary damages, including both compensatory damages for emotional distress and other injuries; and exemplary damages due to the Plaintiffs being severely aggrieved by Defendants actions or failures to act, pursuant to 42 U.S.C. §1983, 18 U.S.C. §§241, 242 and 245(b)(2)(E);

F.      Assess a civil penalty against Uber pursuant to 18 U.S.C. §§241, 242 and 245(b)(2)(E), to vindicate the public interest;

G.      Order immediate disgorgement of all cash and currency seized from Plaintiffs by Defendants;

H.      Order immediate replevin of all personal property, documents and records of any kind, character and nature seized from Plaintiffs by Defendants; and

G.      Order such other appropriate relief as the interests of justice may require,

together with the Plaintiffs' costs and disbursements in this action, together with attorney fees.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues.

Dated: October __//__, 2024.

Respectfully submitted,

Tom M. Cummings, OBA #2089
701 NW 13th Street
Oklahoma City, OK 73103-2206
Tel.: (405) 521-8900
Fax: (405) 604-9054
Email: tomcummingslawfirm@gmail.com
*Attorney for Plaintiffs*

**COMPLAINT**