UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GUANG YANG and ZHOU CAUO,    ) <br> ) <br> **Plaintiffs,**    ) <br> ) <br> v.    ) <br> ) <br> STATE OF OKLAHOMA, ex rel.    ) <br> OKLAHOMA STATE BUREAU OF    ) <br> NARCOTICS AND DANGEROUS    ) <br> DRUGS CONTROL, et al.,    ) <br> ) <br> **Defendants.**    ) | Case No. CIV-24-1067-R |

**ORDER**

Before the Court is a Motion to Dismiss [Doc. No. 12] filed by Defendants Oklahoma Bureau of Narcotics and Dangerous Drugs Control, OBN Director Donnie Anderson, and OBN Agent Cody Gibson. The motion is fully briefed and at issue [Doc. Nos. 13, 16].

**BACKGROUND**

The Amended Complaint alleges that OBN discriminates against certain racial groups, and specifically the Asian community, through its enforcement of Okla. Stat. tit. 63, § 2-503(A)(6) and (B). Am. Compl. [Doc. No. 10] ¶ 1. This statute identifies when property and other items are subject to forfeiture under Oklahoma's Uniform Controlled Dangerous Substances Act.

Plaintiffs allege they were subjected to OBN's discriminatory practices after Plaintiff Yang was stopped by the TSA at the Oklahoma City airport. *Id.* ¶ 18. During routine passenger screening, the TSA observed Yang traveling with a large amount of cash

1

and called "the police." *Id.* Agent Gibson and two other OBN agents responded to the call and allegedly "questioned Yang at length…without the benefit of *Miranda* warnings" and "pressured her into providing them the password to access her cell phone, which resulted in an unlawful search." *Id.* ¶ 19. The agents then seized Plaintiff's cash and cell phone and gave her a seizure receipt that said "Drug Proceeds." *Id.* A little over two weeks later, OBN agents, acting pursuant to a warrant, searched Plaintiff Cauo's home, seized cash and items belonging to Yang, and seized firearms belonging to Cauo. *Id.* ¶¶ 20-21.[1]

Based on these allegations, Plaintiffs asserts claims under 42 U.S.C. §§ 1981, 1983, 1985, 1986 for violations of their Fourth, Fifth, Eighth, and Fourteenth Amendment rights as well as claims under and 18 U.S.C. §§ 241, 242, and 245.[2] Defendants OBN, Anderson, and Gibson moved to dismiss the claims pursuant to Fed. R. Civ. P. 12(b)(6) and assert the defense of qualified immunity. The Amended Complaint is not a model of clarity (and

---

[1] In evaluating the sufficiency of the claims, the Court does not consider any additional factual allegations included in Plaintiffs' Response Brief. *See Dobson v. Anderson*, 319 F. App'x 698, 701 (10th Cir. 2008) ("Thus, when considering a Rule 12(b)(6) motion, a court can only consider the facts alleged in the complaint."); *Sillas v. Geo Grp., Inc.*, No. CV 15-256 JCH/KK, 2015 WL 13651176, at *5 (D.N.M. Oct. 22, 2015) ("Plaintiff may not rely on new factual allegations in his response to alter or supplement the Amended Complaint.").

[2] The Amended Complaint also references 42 U.S.C. § 1984. Because this statute has been declared unconstitutional and otherwise repealed, and Plaintiffs' response brief does not address the statute, the Court assumes the inclusion of § 1984 in the Amended Complaint was an error. *See Martinez v. Pueblo of Santa Ana,* No. CV-03-224 MCA/LCS, 2003 WL 27385167, at *4 (D.N.M. June 18, 2003) (dismissing § 1984 claim because this provision "is essentially non-existent").

neither, for that matter, is the briefing). However, after reviewing the claims and arguments, the Court concludes Plaintiffs have failed to state any plausible claims.

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain enough facts that, when accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although a pleading "does not need detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). At this stage, all the well-pleaded factual allegations of the complaint are accepted as true and viewed in the light most favorable to the plaintiff. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).[3]

## DISCUSSION

### I. Claims under Federal Criminal Statutes

Plaintiffs allege that Defendants violated 18 U.S.C. §§ 241, 242, and 245 and seek declaratory relief, injunctive relief, and monetary damages based on these violations. These criminal statutes do not provide a private cause of action and these claims are therefore dismissed with prejudice. *See Blessing v. Freestone,* 520 U.S. 329, 340 (1997) ("In order

---

[3] Plaintiffs assert that a Rule 12(b)(6) motion should not be granted "unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Pls.' Br. at 1, 7. However, the "no set of facts" standard was retired nearly twenty years ago. *See Twombly*, 550 U.S. at 563

to seek redress through § 1983, however, a plaintiff must assert the violation of a federal right, not merely a violation of federal law."); *Kelly v. Rockefeller*, 69 F. App'x 414, 415 (10th Cir. 2003) ("The district court correctly dismissed plaintiff's claims under 18 U.S.C. § 241 and § 245, for failure to state a claim, because the criminal statutes do not provide for private civil causes of action."); *Clements v. Chapman*, 189 F. App'x 688, 690, 692 (10th Cir. 2006) (dismissing the plaintiff's claims under 18 U.S.C. §§ 241 and 242 because they do not provide for a private right of action).

## II.    Section 1981 Claims

The Amended Complaint asserts a claim under 42 U.S.C. § 1981 against "OBN Agents listed herein and Donnie Anderson."[4] Section 1981 guarantees that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." 42 U.S.C. § 1981(a). "To prevail on a § 1981 discrimination claim, a plaintiff must show: (1) membership in a protected class; (2) the defendant intended to discriminate on the basis of race; and (3) the alleged discrimination interfered with a protected activity as defined in the statute (that is, making or enforcing a contract)." *Cruz v. Farmers Ins. Exch.*, 42 F.4th 1205, 1210 (10th Cir. 2022). *See also Phelps v. Wichita*

---

[4] 42 U.S.C. § 1983 "provides the exclusive federal damages remedy for the violation of the rights guaranteed by § 1981 when the claim is pressed against a state actor." *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 735 (1989).

*Eagle-Beacon*, 886 F.2d 1262, 1267 (10th Cir. 1989) (identifying interests protected by § 1981).

Plaintiffs' § 1981 claim is premised on their assertion that OBN discriminates against the Asian community in the enforcement of Oklahoma's Uniform Controlled Dangerous Substances Act. However, apart from some conclusory allegations that Defendants discriminate or disproportionately target certain racial groups, the Amended Complaint does not include factual allegations showing that Defendants intended to discriminate on the basis of race or that Plaintiffs were deprived of an interest protected by the statute. Assuming Plaintiffs have adequately alleged their membership in a protected class, there is no factual basis from which the Court could infer that OBN's enforcement of the statute or the OBN agents alleged actions were motivated by Plaintiffs' race. The claims based on § 1981 are therefore dismissed without prejudice for failure to state a claim.

### III.  Section 1985 and 1986 Claims

The Amended Complaint asserts a claim for conspiracy to violate Plaintiffs' civil rights in violation of 42 U.S.C. §§ 1985 and 1986. The existence of a conspiracy "is a prerequisite to a claim under Sections 1985(2) and 1986." *Abercrombie v. City of Catoosa, Okl.*, 896 F.2d 1228, 1230 (10th Cir. 1990). A federal civil conspiracy "requires at least a combination of two or more persons acting in concert and an allegation of a meeting of the minds, an agreement among the defendants, or a general conspiratorial objective." *Brooks v. Gaenzle*, 614 F.3d 1213, 1227–28 (10th Cir. 2010), abrogated on other grounds by *Torres v. Madrid*, 592 U.S. 306 (2021)). "[S]pecific facts showing an agreement and concerted

5

action amongst the defendants" are necessary to state a valid claim. *Id.* (internal quotation marks omitted). Plaintiffs argue that a conspiracy is evidenced by the fact that OBN agents responded to the airport and seized Plaintiff Yang's money. This is not sufficient to give rise to a plausible inference that Defendants or any other agents conspired. *See Salehpoor v. Shahinpoor*, 358 F.3d 782, 789 (10th Cir. 2004) ("Parallel action—or inaction in our case—does not necessarily indicate an agreement to act in concert."). Plaintiffs have not alleged facts showing a meeting of the minds or conspiratorial agreement amongst the Defendants and their conclusory allegations of a conspiracy are not sufficient to a state a claim under § 1985.[5]

Additionally, a § 1985 conspiracy claim requires a "showing of some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Jones v. Norton*, 809 F.3d 564, 578 (10th Cir. 2015) (internal quotation marks omitted). However, as previously noted, the Amended Complaint lacks any nonconclusory allegations showing that OBN agents or any other actors were motivated by a racial animus. Plaintiffs have therefore failed to state a claim under § 1985.

Plaintiff's § 1986 claims are also deficient. "Section 1986, which provides an action for neglecting to prevent a violation of Section 1985, is premised upon the existence of a valid Section 1985 claim." *Abercrombie*, 896 F.3d at 1228. Because Plaintiffs have failed to state a plausible claim under § 1985, their claims under § 1986 also fail.

---

[5] Any claim that Defendants engaged in a conspiracy under § 1983 would fail for the same reason. *See Brooks*, 614 F.3d at 1227-28.

The claims based on §§ 1985 and 1986 are therefore dismissed without prejudice for failure to state a claim.

## IV. Section 1983 Claims

Defendants Anderson and Gibson both invoke the defense of qualified immunity and move to dismiss the Amended Complaint for failure to include sufficient factual allegations to show their involvement in clearly established unconstitutional conduct. "The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (internal quotation marks omitted). To survive a motion to dismiss that raises the qualified immunity defense, "plaintiffs must allege facts sufficient to show (assuming they are true) that the defendants plausibly violated their constitutional rights, and that those rights were clearly established at the time." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249 (10th Cir. 2008). Importantly, "[t]his requires enough allegations to give the defendants notice of the theory under which their claim is made." *Id.*

Plaintiffs' allegations do not meet this standard. With respect to Defendant Anderson, the Amended Complaint does not include any specific, nonconclusory allegations showing that he was involved in any of the alleged conduct. "Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir.1997). "Though state actors who participate in a violation in a supervisory role may incur liability, there is no concept

7

of strict supervisor liability under section 1983." *Id.* (internal quotation marks omitted). To establish supervisory liability under § 1983, "a plaintiff must show an affirmative link between the supervisor and the violation," either through the supervisor's active participation, acquiescence to the violation, exercise of control or direction, or failure to supervise. *Serna v. Colorado Dep't of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006); *see also Arnold v. City of Olathe, Kansas*, 35 F.4th 778, 793 (10th Cir. 2022). Under this standard, "[t]he supervisor must have more than abstract authority over his subordinates to be found liable." *Arnold*, 35 F. 4th at 793. "Instead, just as with any individual defendant, the plaintiff must establish a deliberate, intentional act by the supervisor to violate constitutional rights." *Jenkins v. Wood*, 81 F.3d 988, 994-95 (10th Cir. 1996) (quotation marks omitted).

Plaintiffs' Amended Complaint alleges that Defendant Anderson is the director of OBN and that his "interpretation" of Okla. Stat. tit. 63, § 2-503(A) is unconstitutional "because it is overinclusive, vague and substantially overbroad." However, the Amended Complaint does not include any factual allegations indicating that Defendant Anderson had any personal involvement in the events at issue, was personally involved in the promulgation or enforcement of any specific interpretation of the statute, or took any other deliberate, intentional act that has any connection to Plaintiffs' claims. Because the Amended Complaint fails to include factual content plausibly showing Defendant Anderson's personal involvement in any constitutional violation, Plaintiffs have failed to

state a claim under § 1983 against Defendant Anderson and failed to overcome his assertion of qualified immunity.[6]

The sufficiency of the allegations against Defendant Gibson presents a closer question. The Amended Complaint alleges that Defendant Gibson and two other agents arrived at the airport in response to a call from the TSA, the three agents questioned Plaintiff Yang at length without issuing a *Miranda* warning, pressured her into providing the password to her cell phone, and ultimately seized the cash and phone. However, apart from noting that Defendant Gibson signed an OBN report indicating that he confiscated the cash and phone, the Amended Complaint does not isolate Defendant Gibson's specific actions. Further, many of Plaintiffs other allegations refer generically to "Defendants" or "OBN Agents" without specifying who precisely was involved.

In § 1983 cases that include a government agency and a number of government actors sued in their individual capacities, "it is particularly important…that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008). The need to "isolate the allegedly unconstitutional acts of each defendant" for the purpose of providing fair notice of the claim is all the more important when Defendants

---

[6] Section 1983's limits on vicarious liability also "extend to claims under 42 U.S.C. §§ 1981 and 1985." *Galindo v. Taylor*, 723 F. Supp. 3d 1008, 1022 (D. Kan. 2024). Thus, in addition to the deficiencies already noted, Plaintiffs have failed to state a plausible claim against Defendant Anderson under §§ 1981 and 1985 because they have not adequately alleged that he was personally involved in a deprivation of their rights.

raise a qualified immunity defense. *Id.* Although the same pleading standard applies to qualified immunity cases as to dismissals generally, the standard "may have greater bite in such contexts, appropriately reflecting the special interest in resolving the affirmative defense of qualified immunity at the earliest possible stage of a litigation." *Id.* at 1249. Indeed, "[w]ithout allegations sufficient to make clear the grounds on which the plaintiff is entitled to relief," the Court cannot "perform its function of determining, at an early stage in the litigation, whether the asserted claim is clearly established." *Id.*

The Amended Complaint fails to isolate the allegedly unconstitutional acts of Defendant Gibson and instead groups him in with other defendants and actors. Further, the nonconclusory allegations describing the interaction with Plaintiff Yang are somewhat generalized. *See id.* (explaining that plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible") (internal quotation marks omitted). But, even if these sparse allegations might be sufficient to meet Plaintiff's burden of providing fair notice to Defendant Gibson, Plaintiffs have not shouldered their burden of establishing that Defendant Gibson (or Defendant Anderson) violated a clearly established constitutional right.

Regardless of the conduct at issue, a defendant is "entitled to qualified immunity unless Plaintiff has carried her burden of showing the law was clearly established." *Ullery v. Bradley*, 949 F.3d 1282, 1291 (10th Cir. 2020). "A Government official's conduct violates clearly established law when, at the time of the challenged conduct, the contours of a right are sufficiently clear that every reasonable official would have understood that

10

what he is doing violates that right." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (quotation marks and brackets omitted). "Ordinarily, to make such a showing of clearly established law in our circuit, the plaintiff must point to a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Frasier v. Evans*, 992 F.3d 1003, 1014 (10th Cir. 2021) (internal quotation marks and brackets omitted). However, the Supreme Court has repeatedly instructed courts "not to define clearly established law at a high level of generality." *Al-Kidd*, 563 U.S. at 742. "The general proposition, for example, that an unreasonable search or seizure violates the Fourth Amendment is of little help in determining whether the violative nature of particular conduct is clearly established." *Id.* Thus, a plaintiff cannot generally overcome a qualified immunity defense "simply by alleging violation of extremely abstract rights." *White v. Pauly*, 580 U.S. 73, 79 (2017) (quotation omitted).

      Here, Plaintiffs argue that Defendants violated Plaintiffs' Fourth, Fifth, Eighth, and Fourteenth Amendment rights by questioning Plaintiff Yang at the airport, searching and seizing her items, and then (after obtaining a search warrant) searching and seizing items in Plaintiff Cauo's home. But Plaintiffs have failed to identify a case where a state official acting under similar circumstances was held to have violated a plaintiff's constitutional rights. Their arguments rely on general statements of law and do not identify a specific Tenth Circuit or Supreme Court case that resembles the specific conduct involved here.[7]

---

[7] Moreover, the law is more nuanced than Plaintiffs represent in their briefing. *See United States v. Patane,* 542 U.S. 630, 641 (2004) ("Our cases also make clear the related point

11

Plaintiffs have therefore "not properly laid the groundwork to defeat [Defendants'] assertion of qualified immunity" and dismissal "[o]n this basis alone" is warranted. *Cox v. Glanz*, 800 F.3d 1231, 1247 (10th Cir. 2015); *see also id.* at 1247 n.8 (noting that a plaintiff seeking to overcome a qualified immunity defense "cannot discharge her burden by relying upon authorities that do no more than establish general legal principles").

Plaintiffs' have failed to state a claim under § 1983 against Defendants Anderson or Gibson or overcome their assertion of the qualified immunity defense and these claims are dismissed without prejudice.

V.     **Claims Against OBN**

Defendant OBN additionally argues that it is entitled to dismissal because it is not a proper party under § 1983 and is entitled to immunity under the Eleventh Amendment.

The Eleventh Amendment bars suits in federal court for money damages against a state, its agencies, and state officers sued in their official capacity. *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013). Plaintiffs do not dispute that OBN is an arm of the state of Oklahoma. As a state agency, OBN is entitled to immunity from money damages under the Eleventh Amendment. Additionally, neither a state nor an official acting in their

---

that a mere failure to give *Miranda* warnings does not, by itself, violate a suspect's constitutional rights or even the *Miranda* rule."); *Camfield v. City of Oklahoma City*, 248 F.3d 1214, 1230–31 (10th Cir. 2001) ("The general rule under the Fourth Amendment is that any and all contraband, instrumentalities, and evidence of crimes may be seized on probable cause (and even without a warrant in various circumstances."); *United States v. Olivares-Campos,* 276 F. App'x 816, 824 (10th Cir. 2008) ("[O]ur precedent firmly instructs us that the fact of an investigative detention, standing alone, is not so coercive as to render the consent of all detained persons involuntary.").

official capacity are persons that are subject to a suit for damages under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).[8]

## CONCLUSION

Defendants' Motion to Dismiss Plaintiffs' Amended Complaint [Doc. No. 12] is GRANTED. Plaintiffs' claims seeking to enforce federal criminal statutes are dismissed with prejudice. Plaintiffs' remaining claims against Defendants Gibson, Anderson and OBN are dismissed without prejudice.

IT IS SO ORDERED this 2nd day of June, 2025

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[8] In *Ex parte Young*, 209 U.S. 123, 159 (1908), the Supreme Court recognized an exception to Eleventh Amendment immunity "under which individuals can sue state officers in their official capacities if the lawsuit seeks prospective relief for an ongoing violation of federal law." *Free Speech Coal., Inc. v. Anderson*, 119 F.4th 732, 736 (10th Cir. 2024). Plaintiffs' response brief indicates that they are "not attempting to sue state officials in their official capacities," and are instead "suing these official [sic] in their individual capacity." Pls.' Br. at 3. So the *Ex parte Young* exception to Eleventh immunity is not applicable to Plaintiffs' claims.